UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHEL M. IDIAGHE, )<br>   *Plaintiff*, )<br>)<br>   *vs.* )<br>)<br>MICHAEL J. ASTRUE, Commissioner of the )<br>Social Security Administration, )<br>   *Defendant.* ) | 1:09-cv-00592-JMS-LJM |

## **ORDER**

Presently before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (the "Fee Petition"). [Dkt. 32.] Through it, Ms. Idiaghe seeks $7,121.28 for prevailing against the government in the this Social Security disability case.[1]

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires the Court to award prevailing parties like Ms. Idiaghe attorney's fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner here argues only that its position was substantially justified.

As the Seventh Circuit has noted, "[t]he key statutory term, 'substantially justified,' is neither defined nor self-evident." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 381 (7th Cir. 2010). Nonetheless, courts have interpreted it to require the government's position to have been "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person and hence has a reasonable basis both in law and fact. The case must have sufficient merit to negate an inference that the government was coming down on

---

[1] The Court notes that Ms. Idiaghe's counsel belatedly filed a Reply brief without requesting or receiving leave of Court. [Dkt. 35.] Consequently, the Court didn't consider it.

its small opponent in a careless and oppressive fashion." *Id.* at 381-82 (citations, quotations, and alteration omitted).

Here, reasonable minds might have differed about the necessity of a remand, particularly given the relatively narrow grounds upon which the Court decided this matter: the Commissioner's failure to address a one-sentence medical opinion contained on a loan forgiveness form. [Dkt. 30 at 6.] That potential for reasonable disagreement negates any inference that the government was being careless and oppressive with respect to Ms. Idiaghe. Instead, despite having ordered remand, the Court finds that the goverment was substantially justified in its denial of her benefits and in its defense of that denial in this matter.

Accordingly, the Fee Petition, [dkt. 32], is **DENIED**.

08/04/2010

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net